**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2455**

_____

BRAVE MARITIME CORPORATION, INC.,

        Plaintiff - Appellant,

    v.

GLOBAL MARKETING SYSTEMS, INC.,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:15-cv-01501-JFM)

_____

Submitted:  August 19, 2016      Decided:  September 27, 2016

_____

Before SHEDD and WYNN, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

George A. Gaitas, CHALOS & CO, P.C., Houston, Texas; George M.
Chalos, CHALOS & CO, P.C., Oyster Bay, New York, for Appellant.
Thomas M. Buchanan, Constantine G. Papavizas, John W.H. Harding,
WINSTON & STRAWN LLP, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brave Maritime Corporation, Incorporated (Brave) appeals the district court's order granting Global Marketing Systems, Incorporated (GMS)'s Fed. R. Civ. P. 12(b)(6) motion to dismiss its civil action for breach of contract. We affirm.

We review a district court's dismissal under Rule 12(b)(6) de novo, "assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true." Burnette v. Fahey, 687 F.3d 171, 180 (4th Cir. 2012) (internal quotation marks omitted). "To survive a Rule 12(b)(6) motion, a complaint must allege facts sufficient to raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." Id. (internal quotation marks and alterations omitted). "[A]lthough we must accept the truthfulness of all factual allegations" in the complaint, "we need not assume the veracity of bare legal conclusions." Id. (internal quotation marks omitted). Rather, we will accept conclusions the plaintiff draws from the facts "only to the extent they are plausible based on the factual allegations." Id.

A Rule 12(b)(6) motion to dismiss "tests the sufficiency of a complaint," and our "evaluation is thus generally limited to a review of the allegations in the complaint itself." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165-66 (4th Cir. 2016)

2

(internal quotation marks omitted). However, we also consider documents explicitly incorporated into the complaint by reference and attached as exhibits. Id. at 166. "In the event of conflict between the bare allegations of the complaint and any exhibit attached to the complaint, the exhibit prevails." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 182 (4th Cir. 2013) (internal quotation marks, alterations, and ellipsis omitted). Further, we may affirm the district court's ruling on any ground apparent in the record. United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 375 (4th Cir. 2015). We conclude after review of the record and the parties' briefs that the district court did not reversibly err in dismissing Brave's complaint for failure to state a claim for breach of contract.

Brave's action sought damages against GMS for breach of a document bearing the title "Final Recap" that Brave alleged was a contract of the parties. The district court determined that the parties did not intend for the Final Recap to be binding and that the document thus did not constitute an enforceable contract under Maryland law. The district court rested these determinations on the following factors: the first full sentence of the Final Recap, which stated that the document was "to serve as an outline of the mutual understanding of the current structure" of an initial public offering transaction;

3

provisions in the document defining "GMS" to mean unidentified "nominees" and "co-investors"; the summary nature of the terms in the document's five-page, eight-paragraph structure; and the existence in the document of certain open terms.

On appeal, Brave argues that the district court erred by failing to decide whether the Final Recap was or was not ambiguous and erred in dismissing the complaint without deciding that the Final Recap was unambiguous as to the parties' intent to be bound. We reject this argument as meritless. The court's conclusion about the parties' intent to be bound is based on an assessment of the language and structure of the Final Recap. It is clear that the court implicitly rejected the conclusion that the Final Recap was ambiguous as to the parties' intent to be bound. The court's failure to explicitly state its rejection of such a conclusion does not amount to error warranting reversal of its judgment. See Bank of Lexington & Tr. Co. v. Vining-Sparks Sec., Inc., 959 F.2d 606, 615 (6th Cir. 1992); Brown v. Baltimore & Ohio R.R. Co., 805 F.2d 1133, 1141 (4th Cir. 1986).

Brave also challenges the district court's reasoning on the four aspects underlying its determination that the parties here did not intend to be bound. We reject these arguments as well. Brave's challenge to the district court's reliance on the statement in the Final Recap that the document was to serve as

4

an outline of the understanding of the current transaction structure fails as unsupported by the authority it cites, lacking in explanation, and contrary to the rule of construction in Maryland contract law that contracts are to be construed in their entirety. See Cochran v. Norkunas, 919 A.2d 700, 708-10 (Md. 2007). Brave's challenge to the district court's reliance on the Final Recap's failure to identify parties also fails. The district court determined that the plain language of the Final Recap failing to identify the entity or entities other than Brave at issue supported the conclusion that the parties here did not intend to be bound by that document. On appeal, Brave claims that the Final Recap was signed by a representative for GMS but fails to explain the significance of this signage. We reject as meritless Brave's suggestion that any ambiguity in the Final Recap as to the identity of its "promissor" needs resolution through discovery.

Brave's challenge to the district court's consideration of the Final Recap's length is also without merit. Contrary to Brave's suggestions, the district court did not reversibly err in considering the Final Recap's length as part of its assessment of the entirety of the document, see id. at 710-11, and did not improperly disregard the "context" of the document in light of a document not then in existence when the Final Recap was signed. See Ocean Petroleum, Co., Inc. v. Yanek,

5

5 A.3d 683, 690 (Md. 2010); Cochran, 919 A.2d at 710.  We reject as utterly baseless any suggestion by Brave that the district court should have considered the Final Recap's "character" as a binding contract in determining whether the contractual prerequisite of mutual assent was present.  Accord Falls Garden Condo. Ass'n, Inc. v. Falls Homeowners Ass'n, Inc., 107 A.3d 1183, 1180-90 (Md. 2015).

We also reject Brave's challenge to the district court's reliance on open terms in the Final Recap because it is premised on documents not shown to be integral and authentic to the complaint, such that their consideration would be proper under Rule 12(b)(6).  See Goines, 822 F.3d at 164.  Finally, we reject as without merit Brave's remaining miscellaneous arguments in support of overturning the district court's judgment.

We therefore affirm that judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6